through various media, including advertising brochures, as well as Internet websites. Pythagoras has recently become aware that Trademark Defendants are infringing its trademark by actively selling, promoting and advertising such products within California, throughout the United States and within this judicial district. Trademark Defendants have made sales of such products within California, throughout the United States, and within this judicial district and have done substantial business within the state. Trademark Defendants have caused injury to Pythagoras within the State of California, and within this judicial district, and have otherwise purposely availed themselves of the privileges and benefits of the laws of the State of California, and are therefore subject to the jurisdiction of this court. Trademark Defendants have used similar imitations of Pythagoras' registered trademark in connection with Defendants' products which are sold in the same channels of trade as the products of Pythagoras described above, and have used Pythagoras' registered trademark or similar marks in their advertising for such products and services, thereby competing unfairly with Pythagoras, infringing its trademarks, and improperly trading on the goodwill established by Pythagoras.

## COPYRIGHT DEFENDANTS

80.     STEVEN STEGALL, individually and doing business as FIRE ON ICE CENTRAL COAST and doing business as FIRE CRYSTALS aka FIRECRYSTALS; A.M. SOKOLOWSKI - STEGALL, individually and doing business as FIRE ON ICE CENTRAL COAST and doing business as FIRE CRYSTALS aka FIRECRYSTALS; AMERICAN FIREGLASS INC., a California corporation; CHUCK RODOZA, an individual; MATT DOLL, an individual; DIAMOND FIRE GLASS, INC., a California corporation; BRIAN LANGOHR, an individual and doing business as DIAMOND FIRE ICE.COM, and FIREPLACE GLASSDIRECT.COM; GRADY YOUNG, an individual and doing business as DIAMOND FIRE ICE.COM, and FIREPLACE GLASSDIRECT.COM; TIM ARGANDA, an individual and doing business as

21

FIRST AMENDED COMPLAINT

DIAMOND FIRE ICE.COM, and FIREPLACE GLASSDIRECT.COM; JOE
COSTELLO, an individual and doing business as DIAMOND FIRE ICE.COM,
and FIREPLACE GLASS DIRECT.COM; MICHAEL LEE VEST, individually
and doing business as FIRE ON GLASS; COMPLETE SWEEP, a California
corporation; DAVID TEMPLETON, individually and doing business as FIRE ON
ICE OF LOS ANGELES; WILLIAM GREG EVANS, individually and doing
business as FIRE ON ICE OF GREATER SAN DIEGO and doing business as
FIRE ON ICE OF S D; RICHARD OBERMARK, individually and doing business
as FIRE ON ICE OF GREATER SAN DIEGO and doing business as FIRE ON
ICE OF S D; PATRICK O'LEARY, individually and doing business as
SOUTHERN CALIFORNIA FIREPLACE; CARL P. HERKES, individually and
doing business as EXOTIC FLAMES and doing business as GLASS FLAMES,
and doing business as PACIFIC FIREPLACE; TODD CHRISTOPHER
JANSSEN, individually and doing business as PERFORMANCE FIREPLACE
GLASS and doing business as PERFORMANCE FIREPLACE; ALL
BACKYARD FUN, LLC., an Arizona Limited Liability Company; JOLENE
DODSON, individually and doing business as URBAN FIRE GLASS; MARTY
KINSTEDT, individually and doing business as ICE ON FIRE OF NEW
MEXICO; RICHARD KINSTEDT, individually and doing business as ICE ON
FIRE OF NEW MEXICO; MICHAEL RUSUDEK, individually and doing
business as ICE ON FIRE OF NEW MEXICO; KEVIN GRIMES, individually and
doing business as FIRE ON ICE OF NORTH TEXAS and doing business as
GLACIER FLAMES and doing business as KMSA GROUP and doing business as
GLACIER FLAMES CALIFORNIA; MICHELLE GRIMES, individually and
doing business as FIRE ON ICE OF NORTH TEXAS and doing business as
GLACIER FLAMES and doing business as KMSA GROUP and doing business as
GLACIER FLAMES CALIFORNIA; DELBERT STROSCHEIN, individually and
doing business as GLACIER FLAMES CALIFORNIA; MODERUSTIC INC., a

22

FIRST AMENDED COMPLAINT

California corporation; EDGAR JAUNZEMIS, individually and doing business as AQUATIC GLASSEL, and doing business as GLASS ICE AND FIRE, and doing business as FIRE ON ICE BIZ, and doing business as GLACIAL FLAMES, and doing business as WEST COAST FLAMES; CLAUDIA JAUNZEMIS, individually and doing business as AQUATIC GLASSEL, and doing business as GLASS ICE AND FIRE, and doing business as FIRE ON ICE BIZ, and doing business as GLACIAL FLAMES, and doing business as WEST COAST FLAMES; JOHNATHON BURNLINGHAM, individually and doing business as STARFIRE DIRECT; PRODUCTION CONTRACTORS, INC., a Texas corporation; RANDY RICHARDSON, individually and doing business as FIRE IN GLASS; BBQ ISLAND, INC., an Arizona corporation; DAVID NORTHROP, individually and doing business as ARROW ICE; MICHAEL HACKLEY, individually and doing business as SHOPPERSCHOICE, and doing business as BBQ GUYS, and doing business as GAS LOG GUYS; JASON STUTES, individually and doing business as SHOPPERSCHOICE, and doing business as BBQ GUYS, and doing business as GAS LOG GUYS; WOODLAND DIRECT, INC., a Minnesota corporation; FIRE RENOVATIONS, INC., a California corporation; FIRE SCIENCE, INC., a New York corporation; KEITH JACKSON, individually and doing business as YE OLD BRIT CHIMNEY SWEEP; CALIFORNIA OUTDOOR CONCEPTS, a California corporation; ROBERT COCHRAN, individually and doing business as NORTHLINE EXPRESS; FIREPLACE OUTFITTER, a business entity form unknown; COLORADO HEARTH AND HOME, a business entity form unknown; RAY TECH STORE, a business entity form unknown; AMERICAN GLASS & MIRROR, a business entity form unknown; SILVERSTATE FIREPLACES, a business entity form unknown (hereinafter collectively referred to as the "Copyright Defendants") have infringed and/or are infringing some or all of Pythagoras' registered copyrights (hereinafter the "Works") by reproducing the Works in copies, preparing derivative

23

FIRST AMENDED COMPLAINT

works based upon the Works, distributing copies of the Works to the public, performing the Works publicly and displaying the Works publicly.

## PATENT DEFENDANTS

81.    Defendants STEVEN STEGALL, individually and doing business as FIRE ON ICE CENTRAL COAST and doing business as FIRE CRYSTALS aka FIRECRYSTALS; A.M. SOKOLOWSKI - STEGALL, individually and doing business as FIRE CRYSTALS aka FIRECRYSTALS; KEVIN GRIMES, individually and doing business as FIRE ON ICE OF NORTH TEXAS and doing business as GLACIER FLAMES and doing business as KMSA GROUP and doing business as GLACIER FLAMES CALIFORNIA; MICHELLE GRIMES, individually and doing business as FIRE ON ICE OF NORTH TEXAS and doing business as GLACIER FLAMES and doing business as KMSA GROUP and doing business as GLACIER FLAMES CALIFORNIA; DELBERT STROSCHEIN, individually and doing business as GLACIER FLAMES OF SOUTHERN CALIFORNIA; AMERICAN FIREGLASS, INC., a California corporation; CHUCK RODOZA, an individual and doing business as AMERICAN FIRE GLASS; MATT DOLL, an individual and doing business as AMERICAN FIRE GLASS; JUSTIN ZEV, individually and doing business as BLAZING GLASS; DIAMOND FIRE GLASS, INC., a California corporation; BRIAN LANGOHR, an individual and doing business as DIAMOND FIRE ICE.COM, and FIREPLACE GLASSDIRECT.COM; GRADY YOUNG, an individual and doing business as DIAMOND FIRE ICE.COM, and FIREPLACE GLASS DIRECT.COM; TIM ARGANDA, an individual and doing business as DIAMOND FIRE ICE.COM, and FIREPLACE GLASSDIRECT.COM; JOE COSTELLO, an individual and doing business as DIAMOND FIRE ICE.COM, and FIREPLACE GLASSDIRECT.COM; MICHAEL LEE VEST, individually and doing business as FIRE ON GLASS; COMPLETE SWEEP, a California corporation; DAVID TEMPLETON, individually and doing business as FIRE ON

24

FIRST AMENDED COMPLAINT

ICE OF LOS ANGELES; CARL P. HERKES, individually and doing business as
EXOTIC FLAMES and doing business as GLASS FLAMES, and doing business
as PACIFIC FIREPLACE; TODD CHRISTOPHER JANSSEN, individually and
doing business as PERFORMANCE FIREPLACE GLASS and doing business as
PERFORMANCE FIREPLACE; ALL BACKYARD FUN, LLC., an Arizona
Limited Liability Company; JOLENE DODSON, individually and doing business
as URBAN FIRE GLASS; MARTY KINSTEDT, individually and doing business
as ICE ON FIRE OF NEW MEXICO; RICHARD KINSTEDT, individually and
doing business as ICE ON FIRE OF NEW MEXICO; MICHAEL RUSUDEK,
individually and doing business as ICE ON FIRE OF NEW MEXICO;
MODERUSTIC INC., a California corporation; EDGAR JAUNZEMIS,
individually and doing business as AQUATIC GLASSEL, and doing business as
GLASS ICE AND FIRE, and doing business as FIRE ON ICE BIZ, and doing
business as GLACIAL FLAMES, and doing business as WEST COAST
FLAMES; CLAUDIA JAUNZEMIS, individually and doing business as
AQUATIC GLASSEL, and doing business as GLASS ICE AND FIRE, and doing
business as FIRE ON ICE BIZ, and doing business as GLACIAL FLAMES, and
doing business as WEST COAST FLAMES; JOHNATHON BURNLINGHAM,
individually and doing business as STARFIRE DIRECT aka STARFIRE
DIRECT.COM; PRODUCTION CONTRACTORS, INC., a Texas corporation and
doing business as FIRE IN GLASS; RANDY RICHARDSON, individually and
doing business as FIRE IN GLASS; BBQ ISLAND, INC., an Arizona corporation;
STEPHANI JARVIS, an individual and doing business as BBQ ISLAND; DAVID
NORTHROP, individually and doing business as ARROW ICE;
SHOPPERSCHOICE.COM, LLC, a Louisiana Corporation and doing business as
BBQ GUYS, BBQGUYS.COM, BBQ.COM, GAS LOG GUYS,
HAWAIIANFIREGLASS.COM and GASLOGGUYS.COM; MICHAEL
HACKLEY, individually and doing business as SHOPPERSCHOICE.COM, and

25

FIRST AMENDED COMPLAINT

doing business as BBQ GUYS, BBQGUYS.COM, BBQ.COM, GAS LOG GUYS, HAWAIIANFIREGLASS.COM and GASLOGGUYS.COM; JASON STUTES, individually and doing business as SHOPPERSCHOICE.COM, and doing business as BBQ GUYS, BBQGUYS.COM, BBQ.COM, GAS LOG GUYS and GASLOGGUYS.COM; FIRE SCIENCE, INC., a New York corporation; JIM ASH, an individual and doing business as FIRE SCIENCE; ROBERT COCHRAN, individually and doing business as NORTHLINE EXPRESS; RAY TECH STORE, a business entity form unknown; JOEY FROST, LLC, a New Jersey limited liability company; JOSEPH G. FRANGOS, individually and doing business as JOEY FROST, LLC, and doing business as ELITE FIREGLASS aka ELITEFIREGLASS.COM and ELITE BBQ ISLANDS AND FIRE PITS; ANDREA MINTZ , individually and doing business as GLASSLIGHT FIREPLACE DESIGNS; FRANK MINTZ, individually and doing business as GLASSLIGHT FIREPLACE DESIGNS; ANAHEIM PATIO AND FIRESIDE, a California Corporation;  HEARTH PRODUCTS CONTROLS CO., an Ohio Corporation; BARBEQUES GALORE, INC., a California corporation; BRETT MAISTER, an individual, and doing business as BARBEQUES GALORE, BBQ GALORE, BBQ GALORE AND OCBBQ.COM;  PATRICK O'LEARY, individually and doing business as SOUTHERN CALIFORNIA FIREPLACE, (hereinafter collectively referred to as the "Patent Defendants") have infringed and/or are infringing each and every element of one or more claims in the '500 Patent.

## FIRST CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT—15 U.S.C. § 1114)
### (PYTHAGORAS AGAINST ALL TRADEMARK DEFENDANTS)

82.   Plaintiffs refer to and incorporate in this Cause paragraphs 1 through

26

FIRST AMENDED COMPLAINT

80 above, as though restated herein in full.

83.    Pythagoras' United States Trademark Registration No. 2,565,202, for FIRE ON ICE®, a copy of which is attached as Exhibit "A," is for use with "Specially Formulated Glass in Various Colors For Use With Gas Burners In Fireplaces."

84.    Trademark Defendants' sale, use and advertising of identical or confusingly similar marks will likely cause confusion in the marketplace with such products of Pythagoras, and directly  infringes the rights of Pythagoras in its Registered Trademark No. 2,565,202, in violation of 15 U.S.C. § 1114, Section 32 of the Lanham Act.

85.    Without Pythagoras' consent, Trademark Defendants have knowingly used in commerce an identical or confusingly similar reproduction, counterfeit, copy or colorable imitation of Pythagoras' registered mark in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or to cause mistake, or to deceive. Without Pythagoras' consent, Trademark Defendants have knowingly applied such reproduction, counterfeit, copy or colorable imitation to labels, products, product packaging, advertisements, and promotional material intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. In addition, Trademark Defendants have knowingly used identical or confusingly similar mark(s) to divert internet traffic and sales from Pythagoras' website to the Trademark Defendant's websites.

86.    For example, Trademark Defendants have flagrantly incorporated the identical registered trademark FIRE ON ICE® or confusingly similar marks, on its website pages, website links, promotional materials, meta-tag data, and publicly represent that the FIRE ON ICE® trademark is associated or connected to the

27

FIRST AMENDED COMPLAINT

Trademark Defendants' business thereby causing confusion as to the source of the FIRE ON ICE® brand of goods and services.

87.     Trademark Defendants have knowingly used Pythagoras' registered mark to intentionally trade upon Pythagoras' established good will and reputation, and to cause confusion, to cause mistake, and to deceive, entitling Pythagoras, pursuant to 15 U.S.C. § 1117, to recovery of (1) Defendant's profits, (2) Pythagoras' damages, including lost profits, and (3) costs of the action. Pythagoras is further entitled to treble damages above the amount of actual damages in a sum not more than three times the amount of actual damages. Trademark Defendants' willful and egregious actions make this an exceptional case, entitling Pythagoras' to an award of attorney fees.

88.     The infringements of Pythagoras' registered trademark, and each of them, as described, have irreparably injured Pythagoras in an amount not yet fully ascertained but in an amount to be determined, which injury will continue unless enjoined by the Court.

## SECOND CAUSE OF ACTION
### (FALSE DESIGNATION OF ORIGIN—15 U.S.C. § 1125(a))
### (PYTHAGORAS AGAINST ALL TRADEMARK DEFENDANTS)

89.     Plaintiffs refer to and incorporate in this Cause paragraphs 1-80, 82-88 above, as though restated herein in full.

90.     Trademark Defendants have used Pythagoras' distinctive mark, or confusingly similar marks similar thereto, in commerce in connection with its own goods, which use is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, association or approval of such goods.

91.     By utilizing such marks in its advertising for, and in connection with its actual products, Trademark Defendants misrepresent and falsely described to the general public the origin and the source of the products offered for sale and creates a likelihood of confusion, mistake or deception to ultimate purchasers as to

28

FIRST AMENDED COMPLAINT

the source of the products.

92.    For example, Trademark Defendants have flagrantly incorporated the identical registered trademark FIRE ON ICE® or confusingly similar marks, on its website pages, website links, promotional materials, meta-tag data, and publicly represent that the FIRE ON ICE® trademark is associated or connected to the Trademark Defendants' business thereby creating a false designation of origin of the FIRE ON ICE® brand of goods and services.

93.    The confusion, mistake or deception referred to herein arises out of the aforementioned acts of the Trademark Defendants and the acts of the Trademark Defendants constitute false designation of origin and unfair completion in violation of 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act.

94.    Upon information and belief, the aforesaid acts of the Trademark Defendants were undertaken willfully with the intention of causing confusion, mistake or deception. Pythagoras is entitled, pursuant to 15 U.S.C. § 1117 to recovery of (1) Defendants' profits, (2) Pythagoras' damages, including lost profits, and (3) costs of the action. . Pythagoras is further entitled to treble damages above the amount of actual damages in a sum not more than three times the amount of actual damages. Trademark Defendants' willful and egregious actions make this an exceptional case, entitling Pythagoras' to an award of attorney fees.

95.    By reason of the aforementioned acts by the Trademark Defendants, Pythagoras has suffered and will continue to suffer irreparable damage, in an amount not yet ascertained but in an amount to be determined, which damage will continue unless and until enjoined by Order of this Court.

## THIRD CAUSE OF ACTION
## (PATENT INFRINGEMENT, 35 U.S.C. §271)
## (CRS AGAINST ALL PATENT DEFENDANTS)

96.    Plaintiffs refer to and incorporate in this Cause paragraphs 1 through

29

FIRST AMENDED COMPLAINT

81 above, as though restated herein in full.

97.     The Court has jurisdiction over this Cause pursuant to 35 U.S.C. §271.

98.     CRS is the exclusive owner (by assignment) of the entire right, title and interest in and to the '500 Patent, including all rights to enforce and recover damages for infringement.

99.     Upon information and belief, Patent Defendants have been and are presently infringing the '500 Patent within this judicial district and elsewhere by importing, manufacturing, using, selling and/or offering to sell specially formed gas pipe burners along with tempered glass pieces that use or embody the patented invention which infringes one or more claims of the '500 Patent. Under information and belief, each Patent Defendant has also contributed to the infringement of the '500 Patent, and/or actively induced others to infringe the '500 Patent, in this district and elsewhere in the United States. The aforesaid acts of the Patent Defendants have cause damage to CRS, in an amount not yet ascertained but in an amount to be determined. Patent Defendants' infringing products are hereinafter collectively referred to as the "Infringing Products."

100.     Upon further information of infringement, CRS exhausted significant time and resources to obtain accused products from the Patent Defendants and compared each and every claim of the '500 Patent against the accused products and found a reasonable basis of infringement. In addition, in adhering to the requirements under Rule 11 of the Federal Rules of Civil Procedure ("FRCP"), the accused products were again compared to each and every claim of the '500 Patent by a Registered Patent Attorney from Plaintiff's counsel's office, which also found a reasonable basis for infringement of at least one claim of the '500 Patent.  For the Patent Defendants that CRS was unable to obtain an accused product, at minimum, sufficient evidence was collected in regards to actual pictures of the accused products and written documentation that permit a reasonable inference of

30

FIRST AMENDED COMPLAINT

infringement of the claims of the '500 Patent.

101.   The infringement of the '500 Patent by the Patent Defendants' accused products creates a plausible basis for infringement under FRCP Rule 8 because each accused product contain specially tempered glass pieces and a gas burner pipe with at least two rows of openings used in conjunction with a fireplace or fire pit. Therefore, the accused products include all '500 Patent elements of independent claims 1, 9 & 13 and dependent claims 2, 4, 5, 6, 7, 8, 10, 11, 12, 14, and 17 either literally or equivalently, which creates more than a plausible basis for infringement of the '500 Patent.

102.   CRS is entitled to recover from the Patent Defendants the damages sustained by CRS as a result of Patent Defendants' wrongful and willful acts in an amount subject to proof at trial. Because Patent Defendants' acts have been willful, this case meets the criteria for treble damages under 35 U.S.C. §284 and an award of attorneys fees under 35 U.S.C. §285.

103.   By reason of the acts of the Patent Defendants alleged herein, CRS has suffered, is suffering and will continue to suffer irreparable damage, which damage will continue unless enjoined by Order of this Court.

### FOURTH CAUSE OF ACTION
### (COPYRIGHT INFRINGEMENT 17 U.SC. §§ 106 and 501)
### (PYTHAGORAS AGAINST ALL COPYRIGHT DEFENDANTS)

104.   Plaintiffs refer to and incorporate in this Cause paragraphs 1 through 80 above, as though restated herein in full.

105.   Pythagoras is the manufacturer and designer of fireplace/fire pits, gas pipe burners and tempered glass pieces. Beginning in at least 2000, Pythagoras created original photographs, depicting fireplaces/fire pits, gas pipe burners, tempered glass pieces, FIRE ON ICE® product images, including before and after photographs. These photographs are displayed collectively in the Works as seen in

31

FIRST AMENDED COMPLAINT

Exhibits "E, F and G."

106.   The Works contain material wholly original to Pythagoras and is copyrightable subject matter under the law of the United States.

107.   Pythagoras secured the exclusive rights and privileges in and to the copyright of the Works and received from the Register of Copyrights Certificate of Registration Nos. VA 1-427-329, VA 1-427-330, VA 1-427-331, with an effective date of registration on February 25, 2008. Pythagoras is the sole owner of all rights, title, and interest in and to the copyrights in the Work and the corresponding certificate of registrations.

108.   Copyright Defendants are infringing the Works of Pythagoras in violation of 17 U.S.C. §501 by reproducing the Works in copies, preparing derivative works based upon the Works, distributing copies of the Works to the public, performing the Works publicly and displaying the Works publicly through a variety of mediums, including public trade shows, retail stores, and on the internet.

109.   Each Copyright Defendant's unauthorized use of the Works is a separate infringement of the Works.

110.   On information and belief, all Copyright Defendants have reproduced the copyrighted Works, prepared derivative works based upon the copyrighted Works, distributed copies of the Works to the public, and displayed the copyrighted Works publicly in the State of California and the Central District of California.

111.   Unless enjoined, Copyright Defendants will continue to infringe Pythagoras' copyrights in and to the Works.

112.   As a direct and proximate result of Copyright Defendants' infringement of Pythagoras' copyrights, Pythagoras has suffered and will continue to suffer harm and is entitled to those damages permitted by federal copyright law, including but not limited to, statutory damages and an amount, to be proved at trial,

32

FIRST AMENDED COMPLAINT

equal to the greater of (i) Copyright Defendants' profits from their infringing acts; or (ii) the value of Pythagoras' lost opportunities to exploit the Works.

113.   Pythagoras is entitled to a full accounting of all gains, profits and advantages Copyright Defendants have derived by their infringement of Pythagoras' copyrights.

114.   Pythagoras requests that Copyright Defendants be enjoined during the pendency of this action, and permanently, from any further infringing acts.

### FIFTH CAUSE OF ACTION
### (TRADEMARK DILUTION- 15 U.S.C§1125(c))
### (PYTHAGORAS AGAINST ALL TRADEMARK DEFENDANTS)

115.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-80, 82-95 as if set forth fully herein.

116.   The Pythagoras FIRE ON ICE® Trademark is distinctive, well known and famous.

117.   Trademark Defendants are diluting the distinctiveness of the Pythagoras FIRE ON ICE® TRADEMARK by marketing and selling inferior goods bearing marks virtually identical or confusingly similar to the famous and distinctive Pythagoras FIRE ON ICE® Trademark. Upon information and belief, Trademark Defendants engaged in the conduct alleged in these claims, willfully intending to trade on Pythagoras' reputation and/or to cause dilution of the famous and distinctive Pythagoras FIRE ON ICE® Trademark.

118.   For example, Trademark Defendants have flagrantly incorporated the identical registered trademark FIRE ON ICE® or confusingly similar marks, on its website pages, website links, promotional materials, meta-tag data, and publicly represent that the FIRE ON ICE® trademark is associated or connected to the Trademark Defendants' business thereby diluting the strength and distinctiveness of the FIRE ON ICE® brand of goods and services.

119.   The Trademark Defendants' acts violate 15 U.S.C. §1125(c).

33

FIRST AMENDED COMPLAINT

120.   As a direct and proximate results of Trademark Defendants' trademark dilution, Pythagoras has and will suffer damages to its business, reputation and good will, and the loss of royalties and profits that Pythagoras would have made but for Defendants' acts. Upon information and belief, Trademark Defendants' acts of infringement have also resulted in substantial profits for Trademark Defendants. The amount of these damages will be proven at trial.

### SIXTH CAUSE OF ACTION
### (FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C §1125(a))
### (AGAINST ALL DEFENDANTS)

121.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-120 as if set forth fully herein.

122.   Since at least 2003, Defendants have infringed Pythagoras' Trademark by marketing and selling goods bearing marks virtually identical or confusingly similar to the recognized and distinctive FIRE ON ICE® trademark.

123.   Upon information and belief, Defendants engaged in the conduct alleged in these claims knowingly and willfully, or alternatively, did not meet their duty of reasonable care.

124.   Defendants' actions, as alleged herein, were and are likely to deceive the consuming public and therefore constitute unfair and fraudulent business practices in violation of 16 U.S.C. §1125(a).

125.   Defendants' unlawful, unfair and fraudulent business practices described above present a continuing threat to members of the public in that they are likely to be deceived as to the origin and quality of Plaintiffs' products.

126.   Upon information and belief, Defendants' acts of unfair competition have results in substantial profits for Defendants in an amount to be proven at trial. Defendants' acts of unfair competition have also resulted in damages to Plaintiffs caused by diversion of sales, and convoyed sales to Defendants, lost royalties and

34

FIRST AMENDED COMPLAINT

other damages resulting from irreparable harm to Plaintiffs' goodwill. The amount of damages will be proven at trial.

127.   For example, Trademark Defendants have flagrantly incorporated the identical registered trademark FIRE ON ICE® or confusingly similar marks, on its website pages, website links, promotional materials, meta-tag data, and publicly represent that the FIRE ON ICE® trademark is associated or connected to the Trademark Defendants' business thereby unfairly competing with the Plaintiffs by benefitting from the goodwill of the FIRE ON ICE® brand of goods and services but without expending any of the time and resources that Plaintiff had to incur in establishing the goodwill of the FIRE ON ICE® brand of goods and services.

128.   Plaintiffs have also incurred costs and attorneys' fees to bring this action.

129.   Defendants' conduct has caused and will continue to cause irreparable injury to Pythagoras unless preliminary and permanently enjoined.

## SEVENTH CAUSE OF ACTION
### (COMMON LAW UNFAIR COMPETITION)
### (AGAINST ALL DEFENDANTS)

130.   Plaintiffs refer to and incorporate in this Cause paragraphs 1-129 above, as though restated herein in full.

131.   The Court has jurisdiction over this Cause pursuant to 28 U.S.C. § 1367.

132.   By Defendants' acts complained herein, Defendants have engaged in unfair competition under the common law of the State of California.

133.   For example, Trademark Defendants have flagrantly incorporated the identical registered trademark FIRE ON ICE® or confusingly similar marks, on its website pages, website links, promotional materials, meta-tag data, and publicly represent that the FIRE ON ICE® trademark is associated or connected to the

35

FIRST AMENDED COMPLAINT

Trademark Defendants' business thereby unfairly competing with the Plaintiffs by benefitting from the goodwill of the FIRE ON ICE® brand of goods and services but without expending any of the time and resources that Plaintiff had to incur in establishing the goodwill of the FIRE ON ICE® brand of goods and services.

134.   Upon information and belief, the aforesaid acts of the Defendants were undertaken willfully and with the intention of causing confusion, mistake and deception, entitling the Defendants to an award of exemplary damages and attorneys' fees.

135.   The aforesaid acts of the Defendants have cause damage to Plaintiffs, in an amount not yet ascertained but in an amount to be determined.

136.   By reason of the acts of the Defendants alleged herein, Plaintiffs has suffered, is suffering and will continue to suffer irreparable damage, which damage will continue unless enjoined by Order of this Court.

## EIGHTH CAUSE OF ACTION
## (UNFAIR COMPETITION-Cal. Bus. Prof. & Code §17200)
## (AGAINST ALL DEFENDANTS)

137.   Plaintiffs refer to and incorporate in this Cause paragraphs 1-136 above, as though restated herein in full.

138.   The Court has jurisdiction over this Cause pursuant to 28 U.S.C. § 1367.

139.   By the acts complained of herein, the Defendants have engaged in unfair competition under Section 17200 of the Business and Professions Code of the State of California.

140.   Defendant's use of the infringing marks complained of herein constitutes deceptive and misleading advertising and is likely to, and is intended to, cause confusion to the purchasers and potential purchasers of the products.

141.   For example, Trademark Defendants have flagrantly incorporated the

36

FIRST AMENDED COMPLAINT

identical registered trademark FIRE ON ICE® or confusingly similar marks, on its website pages, website links, promotional materials, meta-tag data, and publicly represent that the FIRE ON ICE® trademark is associated or connected to the Trademark Defendants' business thereby unfairly competing with the Plaintiffs by benefitting from the goodwill of the FIRE ON ICE® brand of goods and services but without expending any of the time and resources that Plaintiff had to incur in establishing the goodwill of the FIRE ON ICE® brand of goods and services.

142.   Upon information and belief, the aforesaid acts of the Defendants were undertaken willfully and with the intention of causing confusion, mistake and deception, entitling the Defendants to an award of exemplary damages and attorneys' fees.

143.   The aforesaid acts of the Defendants have cause damage to Plaintiffs, in an amount not yet ascertained but in an amount to be determined.

144.   By reason of the acts of the Defendants alleged herein, Plaintiffs has suffered injury in fact and has lost money or property as a result of Defendant's acts of unfair business practices alleged herein, is suffering and will continue to suffer irreparable damage, which damage will continue to suffer irreparable damage unless enjoined by Order of this Court.

### **RELIEF REQUESTED**

**WHEREFORE,** Plaintiffs respectfully prays for judgment as follows:

### **COUNTS ONE, TWO, FOUR AND FIVE**

1.   That Defendants and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them be preliminary and permanently enjoined and restrained:

      a.   from using any Pythagoras Trademarks, including the FIRE ON ICE ® Trademark, or any other confusingly similar mark, in connection with the manufacture, sale, advertisement or promotion

37

FIRST AMENDED COMPLAINT

of any product or any other similar infringement of Pythagoras'
trademark rights, for product not originating from Pythagoras or
authorized by Pythagoras.

b. from Diluting any Pythagoras Trademarks, including the FIRE ON
ICE® Trademark, or any other confusingly similar mark; and

c. from engaging in unfair competition by making and selling their
products or otherwise using confusingly similar marks, in such a
way as to misrepresent the origin of any of the Defendants'
products;

d. from infringing on Pythagoras' copyright Works;

e. for an order requiring Defendants to deliver up to be impounded
during the pendency of this action all materials in Defendants'
possession custody or control that include or incorporate infringing
copies of Pythagoras' Works;

f. for compensatory damages in an amount to be proven at trial;

g. for all gains, profits and advantages derived by Defendants by their
infringement of the copyrights in the Works;

h. for punitive damages in an amount sufficient to punish Defendants
for their wrongful conduct and to deter others from engaging in
similar conduct in the future;

i. for statutory damages as provided by law;

2. That Defendants and their principals, agents, representatives, servants
and employees and all persons in active concert or participation with them be
ordered to recall and deliver up for destruction all products that infringe
Pythagoras trademark rights;

3. That the Court order the impounding and destruction of all equipment,
design documents, computer programs, websites and/or hard drives and any and all
items related to the Infringing Products within the domain and control of the

38

FIRST AMENDED COMPLAINT

Defendants and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them within seven days of the date of entry of any preliminary or permanent injunction or the final judgment herein; and

4.     That Defendants and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them be ordered to engage in corrective advertising to dispel the confusion caused by Defendants' wrongful acts;

5.     That within thirty days after service of judgment with notice of entry thereof upon it, Defendants be required to file with the Court and serve upon Pythagoras' attorneys a written report under oath setting forth in detail the manner in which Defendants have complied with the foregoing paragraphs;

6.     That an accounting be ordered and judgment be rendered against Defendants for all profits wrongfully derived by Defendants by reason of their trademark infringement, false designation of origin, dilution and unfair competition.

7.     All damages adequate to compensate Pythagoras for Trademark Defendant's acts of trademark infringement, false designation of origin, dilution and unfair competition;

8.     Enhanced damages for Defendants' willful acts and bad faith;

9.     An assessment of interest on damages so computed, including prejudgment interest;

10.     Pythagoras' costs and attorneys' fees in pursuing this action; and

11.     Such other and further relief as this Court may deem appropriate.

## **COUNT THREE**

1.     An adjudication that Defendants have infringed and continue to infringe claims of the '500 Patent;

39

FIRST AMENDED COMPLAINT

2.    An award to CRS of damages adequate to compensate CRS for the Defendants' acts of infringement together with prejudgment interest;

3.    An award to CRS of enhanced damages, up to and including trebling of CRS damages pursuant to 35 U.S.C. §284, for the Defendants' willful infringement;

4.    An award of CRS' costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. §285 due to the exceptional nature of this case, or as otherwise permitted by law.

5.    a grant of permanent injunction pursuant to 35 U.S.C. §283, enjoining Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) active inducement to infringe with respect to the claims of the '500 Patent; and

6.    Any further relief that this Court deems just and proper.

## COUNT SIX

1.    That Defendants and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them be preliminary and permanently enjoined and restrained from using any Pythagoras Trademarks, including the FIRE ON ICE® Trademark, or any other confusingly similar mark, in connection with the manufacture, sale, advertisement or promotion of any product or any other similar infringement of Pythagoras trademark rights, for products not originating or authorized from Pythagoras.

2.    That Defendants and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them be ordered to recall and deliver up for destruction all products and packaging that infringe the Pythagoras trademark rights.

3.    That Defendants and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them be

40

FIRST AMENDED COMPLAINT

ordered to engage in corrective advertising to dispel the confusion caused by Defendants' wrongful acts;

4.     That within thirty days after service of judgment with notice of entry thereof upon it, Defendants be required to file with the Court and serve upon Plaintiffs' attorneys a written report under oath setting forth in detail the manner in which Defendants have complied with the foregoing paragraphs;

5.     That an accounting be ordered and judgment be rendered against Defendants for all profits wrongfully derived by Defendants by reason of its unfair competition;

6.     All damages adequate to compensate Pythagoras for Defendants' acts of trademark infringement;

7.     An assessment of interest on damages so computed, including prejudgment interest;

8.     Pythagoras' assessment of interest on damages so computed, including prejudgment interest;

9.     Punitive damages of sufficient size to adequately punish Defendants and to set an example in order to deter others who might be inclined to act as Defendants have; and

10.     Such other and further relief as this Court may deem appropriate.

## COUNTS SEVEN AND EIGHT

1.     For a judgment that Defendants have competed unfairly with Pythagoras in violation of California Common Law Unfair Competition Laws and in violation of California Business and Professions Code § 17200 *et seq.*

2.     That Defendants be enjoined from continuing to engage in the unfair and unlawful business practices alleged in this Complaint; and

3.     Such other and further relief as this Court may deem appropriate.

41

FIRST AMENDED COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury.

Respectfully Submitted,

DATE: April 8, 2008

**BUUS, KIM, KUO & TRAN, LLP**

By _____

William L. Buus
Hubert H. Kuo
John D. Tran
Attorneys for Plaintiffs
PYTHAGORAS INTELLECTUAL
HOLDINGS, LLC., & CORPORATE
RECOVERY SERVICES, INC.,

42

FIRST AMENDED COMPLAINT