Note changes made by the Court.

1   MARK H. PLAGER (SBN 192259)
    Email: mark@plagerschack.com
2   MICHAEL L. SCHACK (SBN 128784)
    Email: michaels@plagerschack.com
3   PLAGER SCHACK LLP
    16152 Beach Blvd.
4   Huntington Beach, CA 92647
    Tel:     (714) 698-0601
5   Fax:    (714) 698-0608

6   Attorneys for Plaintiffs
    PYTHAGORAS INTELLECTUAL
7   HOLDINGS, LLC. And CORPORATE
    RECOVERY SERVICES, INC.

8   JAMES C. POTEPAN (SBN 107370)
9   jpotepan@rmkb.com
    THOMAS M. O'LEARY (SBN 126146.)
10  to'leary@rmkb.com
    MICHAEL S. KIM (SBN 227685)
11  mkim@rmkb.com
    EUGENE S. SUH (SBN 245313)
12  esuh@rmkb.com
    ROPERS, MAJESKI, KOHN & BENTLEY
13  515 South Flower Street, Suite 1100
    Los Angeles, CA  90071
14  Telephone:  (213) 312-2000
    Facsimile:   (213) 312-2001
15
16  Attorneys for Defendants
    MODERUSTIC INC., EDGAR
17  JAUNZEMIS, CLAUDIA JAUNZEMIS,
    CARL P. HERKES and TODD
    CHRISTOPHER JANSSEN

18              UNITED STATES DISTRICT COURT
19
20             CENTRAL DISTRICT OF CALIFORNIA
21                   SOUTHERN DIVISION

22  PYTHAGORAS INTELLECTUAL          CASE NO.  SACV08-0087 AG (RNBx)
23  HOLDINGS, LLC., ET AL.,
                                     **CORRECTED [PROPOSED]**
24            Plaintiffs,            **STIPULATED PROTECTIVE**
                                     **ORDER**
25  v.
                                     Judge:    Hon. Andrew J. Guilford
26  STEVEN STEGALL, ET AL.,
27            Defendants.
28

RC1/5284249.1/ESS          - 1 -       CORRECTED [PROPOSED] STIPULATED
                                        PROTECTIVE ORDER
                                        SACV08-0087 AG (RNBX)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    **Good Cause Statement**

2    Subject to the approval of this Court, Plaintiffs PYTHAGORAS

3    INTELLECTUAL HOLDINGS, LLC. and CORPORATE RECOVERY

4    SERVICES, INC. (hereinafter collectively "Plaintiffs") and Defendants

5    MODERUSTIC INC., EDGAR JAUNZEMIS, CLAUDIA JAUNZEMIS, CARL P.

6    HERKES, and TODD CHRISTOPHER JANSSEN (hereinafter collectively

7    "Moderustic"); AMERICAN FIREGLASS, INC., MATT DOLL, CHUCK

8    LODOZA (erroneously sued herein as CHUCK RODOZA), BRETT MAISTER,

9    BARBEQUES GALORE, BBQ GALORE, OCBBQ.COM, JUSTIN ZEV,

10   BLAZING GLASS, BRIAN LANGOHR, and DIAMOND FIRE GLASS, INC.;

11   SHOPZILLA, INC., DIAMOND FIRE GLASS, INC., MICHAEL LEE VEST,

12   individually and dba Fire on Glass, ROBERT COCHRAN, individually and dba

13   Northline Express; STEVEN STEGALL, individually and dba Fire on Ice Central

14   Coast and dba Fire Crystals, A.M. SOKOLOWSKI-STEGALL, individually and

15   dba Fire on Ice Central Coast and dba Fire Crystals; HEARTH PRODUCTS

16   CONTROL CO. and HEARTH & HOME, INC. dba Colorado Hearth & Home;

17   KEVIN GRIMES and MACHELLE GRIMES hereby stipulate to the following

18   protective order.

19   Federal Rule of Civil Procedure Rule 26(c)(1) permits the grant of a

20   protective order upon a showing of good cause, and provides that the protection of a

21   trade secret or other confidential research, development and commercial

22   information is a proper basis for the issuance of a protective order.

23   This case involves multiple causes of action for trademark infringement,

24   false designation of origin, patent infringement, copyright infringement, trademark

25   dilution, and unfair competition.  The parties to this case are in the business of,

26   among other things, marketing and selling fireplace glass products and fire pits via

27   competing Internet websites and/or retail.  Disclosure and discovery activity in this

28   action is likely to involve production of trade secrets, confidential, proprietary,

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    financial and/or other private information for which special protection would be
2    warranted. The parties expect to propound discovery requests seeking Confidential
3    Information (as defined herein) regarding private, confidential, and proprietary
4    business practices as well as confidential financial information, including, but not
5    limited to, profits, purchase and sales prices, invoices, distribution costs, and/or
6    income. The parties desire to protect such Confidential Information from public
7    disclosure and from use for any purpose other than the prosecution, defense, and/or
8    settlement of this litigation.

9        This Stipulated Protective Order is geared toward allowing resolution of the
10   factual and legal issues without imposing undue competitive harm on the parties.
11   The parties acknowledge that this Stipulated Protective Order does not confer
12   blanket protections on all disclosures or responses to discovery and that the
13   protection it affords extends only to the limited information or items that are
14   entitled under applicable legal principles to confidential treatment. The parties
15   further acknowledge that this Stipulated Protective Order creates no entitlement to
16   file Confidential Information under seal. Accordingly,

17       **IT IS HEREBY STIPULATED** by and among the parties hereto, through
18   their respective counsel of record, that, to the extent the parties produce or provide
19   documents, things, testimony, or information that comprise or contain Confidential
20   Information, such documents, things, testimony, or information may be produced or
21   provided upon the following terms and conditions:

22       1.    A party to this action who produces or provides documents, things,
23   testimony, or other information, which he, she, or it reasonably believes to
24   comprise or contain Confidential Information, and which he, she, or it desires to be
25   subject to this Stipulated Protective Order, shall designate such information or
26   materials as either "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS'
27   EYES ONLY." Confidential Information is information which has not been made
28   public, including trade secrets or other confidential research, development, financial

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

CORRECTED [PROPOSED] STIPULATED
PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

1    or commercial information, material required to be kept confidential by state or

2    federal law, or highly sensitive personal information.  Attorneys' Eyes Only

3    Information is extremely sensitive Confidential Information whose disclosure to

4    another party or third-party would create a substantial risk of serious injury that

5    could not be avoided by less restrictive means.

6         2.    The designation of documents, things, testimony, or other information

7    as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall

8    be made as follows:

9         (a)    Documents and things comprising or containing Confidential

10   Information shall be designated by prominently stamping or marking the documents

11   or things with the term "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS'

12   EYES ONLY."  If a confidential document consists of multiple pages, each page of

13   the document shall be so stamped or marked.

14        (b)    A deposition transcript comprising or containing Confidential

15   Information shall be designated "CONFIDENTIAL" or "CONFIDENTIAL–

16   ATTORNEYS' EYES ONLY" by requesting such treatment thereof either on the

17   record at the time of the deposition or by written notice after service of the

18   deposition transcript.  If confidential treatment of a deposition transcript is

19   requested on the record at the time of the deposition, the requesting party shall

20   instruct the court reporter to stamp or mark each page of the transcript containing

21   the Confidential Information with the terms "CONFIDENTIAL" or

22   "CONFIDENTIAL–ATTORNEYS' EYES ONLY."  The requesting party may also

23   instruct the court reporter to separately bind such designated pages of the transcript.

24   If confidential treatment of a transcript is requested by a party by written notice

25   after completion of a deposition, such written notice shall be mailed to all other

26   parties within twenty (20) days after completion and service of the transcript.  Such

27   written notice shall specifically identify by page and line number all portions of the

28   transcript that should be treated as "CONFIDENTIAL" or "CONFIDENTIAL–

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RCI/5284249.1/ESS                          - 4 -                   CORRECTED [PROPOSED] STIPULATED
                                                                   PROTECTIVE ORDER
                                                                   SACV08-0087 AG (RNBX)

1    ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order.

2    Documents or things used as exhibits at a deposition that a party desires to be

3    subject to this Stipulated Protective Order shall be separately stamped or marked

4    "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" as

5    specified in paragraph 2(a).

6        (c)    Any party may designate documents or things produced by a third

7    party pursuant to a subpoena as "CONFIDENTIAL" or "CONFIDENTIAL–

8    ATTORNEYS' EYES ONLY" by providing written notice to each other party

9    within ten (10) days of receipt of the documents or things produced by the third

10   party. Such written notice shall specifically identify each document or thing

11   produced by the third party that should be treated as "CONFIDENTIAL" or

12   "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this

13   Stipulated Protective Order.

14       (d)    Notwithstanding any other provision of this Stipulated Protective

15   Order, if any party believes that any document or other information not designated

16   as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY"

17   should be so designated (except documents or information belonging to another

18   party), that party shall notify the other parties within 30 days following production

19   of the documents or other information and request that the information be

20   designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES

21   ONLY." A party requesting that documents be treated as "CONFIDENTIAL" or

22   "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with this

23   paragraph shall also provide each other party with copies of such documents that

24   have been stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL-

25   ATTORNEYS' EYES ONLY" in the manner indicated above. Documents or

26   information designated as "CONFIDENTIAL" or "CONFIDENTIAL-

27   ATTORNEYS' EYES ONLY" in accordance with this paragraph shall be treated in

28   accordance with such designation from the date of receipt of the request that they

CORRECTED [PROPOSED] STIPULATED
PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    be so treated and receipt of copies of the documents that have been appropriately

2    stamped or marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS'

3    EYES ONLY."

4           (e)    Any party to this Stipulated Protective Order objecting to a designation

5    of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" for documents produced by

6    third parties shall notify the designating party in writing of its objection and the

7    basis for the objection.  The designating party shall then have fifteen (15) business

8    days for receipt of the written objection to respond to the objecting party to arrange

9    for a meet and confer.  If the designating party does not respond within the 15

10   business day period (or within whatever longer period of time the parties agree to in

11   writing), the challenged designation shall be deemed removed pending further

12   written agreement of the parties or order of the Court.  If the designating party does

13   respond within the 15 business day period (or within whatever longer period of

14   time the parties agree to in writing), but after meeting and conferring the objection

15   cannot be resolved, the challenged designation shall be deemed removed unless

16   within 30 business days after the most recent meet and confer on the objection (or

17   within whatever longer period of time the parties agree to in writing) the

18   designating party files a motion for an order maintaining the designation or

19   providing for different restrictions.  Any motion made pursuant to this paragraph

20   must be made in strict compliance with Local Rules 36-1 and 37-2, including the

21   requirement to file a Joint Stipulation.  Pending the Court's ruling, the provisions of

22   this Stipulated Protective Order shall apply and disclosure and use of the challenged

23   documents or information shall not be made except according to the challenged

24   designation as provided under this Stipulated Protective Order.  In any such motion,

25   the designating party shall have the burden to show that the designation is

26   appropriate.  This Stipulated Protective Order shall not be modified without a

27   showing of good cause and meeting any other applicable burdens under the law.

28   / / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

CORRECTED [PROPOSED] STIPULATED
PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

3.     By designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order, the party making such designation certifies that there is a good faith basis in both fact and law for the designation.

4.     In the absence of designating a document, thing, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order, such documents, things, testimony, or other information shall be deemed to be non-confidential and not restricted by this Stipulated Protective Order.

5.     Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be held by counsel in confidence and shall be used solely in connection with the prosecution, defense, or settlement of this action.  Information and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall not be disclosed to any person except as hereinafter provided.   Information and materials designated "CONFIDENTIAL" pursuant to this Stipulated Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following qualified persons:

(a)     The Court before which this action is pending and the clerks and other personnel of the Court;

(b)     The attorneys of record for the parties in this matter;

(c)     The office personnel employed by the attorneys of record working under direct supervision of said attorneys;

(d)     Any party, and any party's officers, directors, or partners;

(e)     Experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Stipulated Protective Order;

RCI/5284249.1/ESS

- 7 -

CORRECTED [PROPOSED] STIPULATED
PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

(f)     Third-party witnesses to the extent they had access to the Confidential Information prior to the entry of this Stipulated Protective Order;

(g)     Court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record including photocopying, videotaping, transcribing, translating, and preparing exhibits;

(h)     Any mediator or arbitrator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; and

(i)     Such other persons as the parties may agree to in writing, or who may be designated by the Court.

6.     Information and materials designated "CONFIDENTIAL– ATTORNEYS' EYES ONLY" pursuant to this Stipulated Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following qualified persons:

(a)     The Court before which this action is pending and the clerks and other personnel of the Court;

(b)     The attorneys of record for the parties in this matter;

(c)     The office personnel employed by the attorneys of record working under direct supervision of said attorneys;

(d)     Experts or other persons retained by counsel to assist in the prosecution, defense, or settlement of this action, provided that said experts and consultants expressly agree to be bound by the terms of this Stipulated Protective Order;

(e)     Third-party witnesses to the extent they had access to the Confidential Information prior to the entry of this Stipulated Protective Order;

(f)     Court reporters at depositions or other proceedings in this matter and persons providing litigation support services for counsel of record including photocopying, videotaping, transcribing, translating, and preparing exhibits;

1    (g)    Any mediator or arbitrator mutually selected by the parties or

2    appointed by the Court for the purpose of assisting in the settlement of this action;

3    and

4    (h)    Such other persons as the parties may agree to in writing, or who may

5    be designated by the Court.

6    7.    Prior to receiving any documents, things, testimony, or other

7    information designated as "CONFIDENTIAL" or "CONFIDENTIAL–

8    ATTORNEYS' EYES ONLY," each "qualified person" specified above in

9    paragraphs 5(d) through (i) and 6(d) through (h) shall be provided with a copy of

10   this Stipulated Protective Order and shall execute a Nondisclosure Agreement in the

11   form of Attachment "A."  Counsel who disclose designated Confidential

12   Information to such a "qualified person" shall maintain the executed copy of the

13   Nondisclosure Agreement in his or her file and make it available at or in connection

14   with any Court proceeding where it may be called for.

15   8.    This Stipulated Protective Order shall not expand or restrict the rights

16   of any party to either demand the production of any documents, things, or

17   information, or to object to any demand for documents, things, or information, or to

18   withhold any documents, things, or information.  Nor shall this Stipulated

19   Protective Order expand or restrict the rights of any party to seek to have the Court

20   compel the production of any documents, things, or information.

21   9.    This Stipulated Protective Order shall not restrict the rights of any

22   party to use or disseminate any documents, things, or information obtained

23   independently of discovery in this action, whether or not such documents, things, or

24   information are also obtained through discovery.  Nothing in this Stipulated

25   Protective Order shall restrict a party from using, disclosing, or disseminating its

26   own documents, things, or information as it deems appropriate, whether or not such

27   documents, things, or information have been designated "CONFIDENTIAL" or

28   "CONFIDENTIAL–ATTORNEYS' EYES ONLY" in accordance with this

CORRECTED [PROPOSED] STIPULATED
PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    Stipulated Protective Order.

2         10.    If any documents, things, or information designated as

3    "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are

4    included with any papers filed with the Court, the proposed filing shall be

5    accompanied by an application to file the papers, or the portion thereof containing

6    the protected information, under seal.  Parties filing such papers and the

7    accompanying application to file papers, or the portion thereof, containing

8    protected information, under seal, shall concurrently file in the public domain, a

9    redacted version of those papers.  This application shall be directed to the judge to

10   whom the papers are directed.  In addition, the filing party shall file such papers and

11   materials under seal in accordance with the procedures required by California

12   Central District Local Rule 79-5 or other similar Court rules that may be controlling

13   at the time of the filing of such papers or materials.

14        11.    In the event that any documents, things, or information designated as

15   "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are

16   used in any Court proceeding in this action, the parties shall take all reasonable

17   steps to maintain their confidentiality, provided that any protective measures

18   relating to Confidential Information used in Court proceedings in this matter shall

19   be presented, at an appropriate time, to the judicial officer conducting the

20   proceeding.

21        12.    Maintenance of the protected status of any "CONFIDENTIAL" or

22   "CONFIDENTIAL–ATTORNEYS' EYES ONLY" documents, things, or

23   information shall in all cases be subject to further order of the Court.  Nothing

24   herein shall preclude any party upon proper notice to all other parties from applying

25   to the Court for any modification of this Stipulated Protective Order, or moving the

26   Court for an order changing the status of any particular designated information or

27   document, or relieving a party from the restrictions contained in this Stipulated

28   Protective Order, or from applying to the Court for further or additional protective

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RC1/5284249.1/ESS                          - 10 -

1    orders.  Any motion filed with respect to this Stipulated Protective Order or
2    documents, things, or information labeled "CONFIDENTIAL" or
3    "CONFIDENTIAL–ATTORNEYS' EYES ONLY" must comply with the Local
4    Rules.  Matters designated as "CONFIDENTIAL" or "CONFIDENTIAL–
5    ATTORNEYS' EYES ONLY" shall remain so designated under the terms of this
6    Stipulated Protective Order until and unless determined otherwise by the Court.

7         13.    No party shall be obligated to challenge the propriety of the
8    designation of any documents, things, or information as "CONFIDENTIAL" or
9    "CONFIDENTIAL–ATTORNEYS' EYES ONLY," and the failure to do so shall
10   not constitute acquiescence as to the appropriateness of the designation or otherwise
11   preclude a subsequent challenge to the designation.

12        14.    This Stipulated Protective Order shall not bar any attorney in this
13   action, in the course of rendering advice to the party represented by the attorney
14   with respect to this litigation, from conveying to the client his or her evaluation in a
15   general way of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information;
16   provided, however, that in rendering such advice and otherwise communicating
17   with his or her client, the attorney shall not disclose the specific contents of any
18   "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information if such disclosure
19   would be contrary to the terms of this Stipulated Protective Order.

20        15.    If any party's counsel wishes to disclose a document that has been
21   designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to his/her client,
22   then said counsel shall meet and confer with opposing counsel to discuss the de-
23   designation of information for the limited purpose of showing such information to
24   its client.  If counsel cannot come to a resolution via the meet and confer process,
25   then the party seeking to view "CONFIDENTIAL-ATTORNEYS' EYES ONLY"
26   information shall file a regularly-noticed motion with the Court seeking an order for
27   the limited de-designation of said information referenced by this paragraph.  Any
28   motion made pursuant to this paragraph must be made in strict compliance with

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

CORRECTED [PROPOSED] STIPULATED
PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

1   Local Rules 36-1 and 37-2, including the requirement to file a Joint Stipulation.

2   Further, nothing in this paragraph shall alleviate the need to file Confidential

3   Information under seal, or obviate any of the other obligations imposed by this

4   Stipulated Protective Order.

5       16.     The inadvertent production of any Confidential Information lacking

6   the physical designation "CONFIDENTIAL" or "CONFIDENTIAL–

7   ATTORNEYS' EYES ONLY" shall be without prejudice to any subsequent claim

8   that such material is confidential, and no party shall be held to have waived any

9   rights by such inadvertent production. Upon written demand of the producing party

10  or third-party, all copies of any Confidential Information lacking the physical

11  designation "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES

12  ONLY" shall be returned immediately to the producing party. The producing party

13  will supply to each of the other parties a copy of the document properly designated

14  "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"

15  concurrently with the written demand for return. Any disclosure made before such

16  notification shall not be deemed to be in violation of this Stipulation Protective

17  Order.

18      17.     The inadvertent production of any privileged document or any

19  document protected from disclosure by the work product doctrine shall be without

20  prejudice to any subsequent claim that such document is privileged or protected

21  from disclosure by the work product doctrine. The failure to designate any

22  document in accordance with the terms of this Stipulated Protective Order shall not,

23  by itself, be deemed an automatic waiver of the privilege or the work product

24  doctrine.

25      18.     At the final conclusion of this action, including any appeal or time for

26  appeal, any party may serve a written notice on the other parties demanding that the

27  "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"

28  documents and things that were produced by that party and that are still in

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    existence, including all copies, summaries, excerpts, and abstracts thereof, be

2    returned or destroyed.  Within thirty (30) days of receipt of such a demand, counsel

3    shall certify in writing that such documents and things have been returned or

4    destroyed.  Notwithstanding the foregoing, counsel may retain archival copies of

5    documents consisting of or containing Confidential Information, including trial,

6    hearing, and deposition transcripts and exhibits, and pleadings and other documents

7    submitted to the Court.  Counsel may also retain documents or things that are their

8    own work product or that are subject to the attorney-client privilege.

9        19.    The parties to this agreement may change its terms or effects at any

10   time by further mutual agreements in writing subject to Court approval.

11       20.    This Stipulated Protective Order is entered solely for the purpose of

12   facilitating the exchange of documents, things, and information between the parties

13   in this action.  Nothing in this Stipulated Protective Order nor the production of any

14   documents, things, or information under the terms of this Stipulated Protective

15   Order nor any proceedings pursuant to this Stipulated Protective Order shall be

16   deemed to have the effect of an admission or waiver of any kind by any party,

17   including but not limited to the right of any party to oppose or object to production

18   of any information, documents, or things.

19       21.    The parties and their attorneys and any other persons subject to the

20   terms of this Stipulated Protective Order agree that the Court shall have jurisdiction

21   over them for the purpose of enforcing this Stipulated Protective Order.

22       22.    This Stipulated Protective Order may be executed in counterpart.

23       IT IS SO ORDERED.

24       DATED:   May 12, 2009

25

26

27       HONORABLE ROBERT N. BLOCK
         UNITED STATES MAGISTRATE JUDGE

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

CORRECTED [PROPOSED] STIPULATED
PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

///

///

Dated:                          PLAGER SCHACK LLP


                         By:_____
                                MARK H. PLAGER
                                MICHAEL L. SCHACK
                                Attorney for Plaintiff, PYTHAGORAS
                                INTELLECTUAL HOLDINGS, LLC.
                                and CORPORATE RECOVEYR
                                SERVICES, INC.


Dated:                          ROPERS, MAJESKI, KOHN & BENTLEY


                         By:_____
                                JAMES C. POTEPAN
                                THOMAS M. O'LEARY
                                MICHAEL S. KIM
                                EUGENE S. SUH
                                Attorneys for Defendants,
                                MODERUSTIC INC., EDGAR
                                JAUNZEMIS, CLAUDIA JAUNZEMIS,
                                CARL P. HERKES and TODD
                                CHRISTOPHER JANSSEN


Dated:                          HIGGS, FLETCHER & MACK, LLP


                         By:_____
                                PHILLIP C. SAMOURIS
                                MICHAEL J. HOISINGTON
                                Attorneys for Defendants, AMERICAN
                                FIREGLASS, INC., MATT DOLL,
                                CHUCK LODOZA (erroneously sued
                                herein as CHUCK RODOZA), JUSTIN
                                ZEV, BLAZING GLASS, BRIAN
                                LANGOHR, DIAMONDFIREICE.COM,
                                FIREPLACEGLASSDIRECT.COM,
                                BRETT MAISTER, BARBEQUES
                                GALORE, BBQ GALORE, BBQ
                                GALORE and OCBBQ.com and
                                DIAMOND FIRE GLASS, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RC1/5284249.1/ESS                    - 14 -        CORRECTED [PROPOSED] STIPULATED
                                                   PROTECTIVE ORDER
                                                   SACV08-0087 AG (RNBX)

Dated:                               BUCKHALTER KESSLER GOODMAN & GEORGE LLP

By: _____
ERIC GOODMAN
NICHOLAS DUANE MYERS
DAVID A. BERSTEIN
Attorneys for Defendants, MICHAEL
LEE VEST DBA FIRE ON GLASS;
ROBERT COCHRAN DBA
NORTHLINE EXPRESS

Dated:                               PROCTER, SLAUGHTER & REAGAN, LLP

By: _____
CHANDRA A. BEATON
Attorneys for Defendants, STEVEN
STEGALL DBA FIRE ON ICE
CENTRAL COAST DBA FIRE
CRYSTALS, A.M. SOKOLOWSKI-
STEGALL DBA FIRE CRYSTALS DBA
FIRE ON ICE CENTRAL COAST

Dated:                               THOMPSON HINE LLP

By: _____
JEFFREY C. METZCAR
CHAD D. COOPER
Attorneys for Defendant, HEARTH
PRODUCTS CONTROL CO. and
HEARTH & HOME, INC. DBA
COLORADO HEARTH & HOME

Dated:                               KEVIN AND MACHELLE GRIMES, IN PRO SE

By: _____
KEVIN GRIMES
MACHELLE GRIMES
Defendants in Pro Se

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Attachment A

## NONDISCLOSURE AGREEMENT

I, _____ , state that:

1.    My address is

_____ .

2.    My current employer is

_____ .

3.    My present occupation or job title is

_____ .

4.    I have received a copy of the Stipulated Protective Order entered in the case of *Pythagoras Intellectual Holdings, LLC. v. Steven Stegall, et al.*, United States District Court for the Central District of California Case No. CV 08-0087 AG (RNBx).

5.    I have read and understand the Stipulated Protective Order. I hereby agree to comply with all of the terms of the Stipulated Protective Order, including holding in confidence and not disclosing to any unqualified person all documents, things, or information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.    I hereby consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the Stipulated Protective Order and this agreement to be bound thereby.

Dated: _____        _____
                                                                        SIGNATURE

                                                        _____
                                                                        PRINT NAME

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RCI/5284249.1/ESS                    - 1 -                    CORRECTED [PROPOSED] STIPULATED
                                                                                PROTECTIVE ORDER
                                                                                SACV08-0087 AG (RNBX)

1    22.   This Stipulated Protective Order may be executed in counterpart.

2    Dated: April 22, 2009          PLAGER SCHACK LLP

3

4

5    By: _____
        MARK H. PLAGER
6       MICHAEL L. SCHACK
        Attorney for Plaintiff, PYTHAGORAS
7       INTELLECTUAL HOLDINGS, LLC.
        and CORPORATE RECOVEYR
8       SERVICES, INC.

9
     Dated: APRIL 27, 2009         ROPERS, MAJESKI, KOHN & BENTLEY
10

11

12   By: _____
        JAMES C. POTEPAN
13      THOMAS M. O'LEARY
        MICHAEL S. KIM
14      EUGENE S. SUH
        Attorneys for Defendants,
15      MODERUSTIC INC., EDGAR
        JAUNZEMIS, CLAUDIA JAUNZEMIS,
16      CARL P. HERKES and TODD
        CHRISTOPHER JANSSEN

17
     Dated:                        HIGGS, FLETCHER & MACK, LLP
18

19

20   By: _____
        PHILLIP C. SAMOURIS
21      MICHAEL J. HOISINGTON
        Attorneys for Defendants, AMERICAN
22      FIREGLASS, INC., MATT DOLL,
        CHUCK LODOZA (erroneously sued
23      herein as CHUCK RODOZA), JUSTIN
        ZEV, BLAZING GLASS, BRIAN
24      LANGOHR, DIAMONDFIREICE.COM,
        FIREPLACEGLASSDIRECT.COM,
25      BRETT MAISTER, BARBEQUES
        GALORE, BBQ GALORE, BBQ
26      GALORE and OCBBQ.com and
        DIAMOND FIRE GLASS, INC.

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RCI/5284249.1/ESS

- 14 -

[PROPOSED] STIPULATED PROTECTIVE
ORDER
SACV08-0087 AG (RNBX)

1    22.    This Stipulated Protective Order may be executed in counterpart.

2

3    Dated:                          PLAGER SCHACK LLP

4

5    By:_____
         MARK H. PLAGER
6        MICHAEL L. SCHACK
         Attorney for Plaintiff, PYTHAGORAS
7        INTELLECTUAL HOLDINGS, LLC.
         and CORPORATE RECOVEYR
8        SERVICES, INC.

9

10   Dated:                          ROPERS, MAJESKI, KOHN & BENTLEY

11

12   By:_____
         JAMES C. POTEPAN
13       THOMAS M. O'LEARY
         MICHAEL S. KIM
14       EUGENE S. SUH
         Attorneys for Defendants,
15       MODERUSTIC INC., EDGAR
         JAUNZEMIS, CLAUDIA JAUNZEMIS,
16       CARL P. HERKES and TODD
         CHRISTOPHER JANSSEN

17

18   Dated:  4-30-09                 HIGGS, FLETCHER & MACK, LLP

19

20   By:_____
         PHILLIP C. SAMOURIS
21       MICHAEL J. HOISINGTON
         Attorneys for Defendants, AMERICAN
22       FIREGLASS, INC., MATT DOLL,
         CHUCK LODOZA (erroneously sued
23       herein as CHUCK RODOZA), JUSTIN
         ZEV, BLAZING GLASS, BRIAN
24       LANGOHR, DIAMONDFIREICE.COM,
         FIREPLACEGLASSDIRECT.COM,
25       BRETT MAISTER, BARBEQUES
         GALORE, BBQ GALORE, BBQ
26       GALORE and OCBBQ.com and
         DIAMOND FIRE GLASS, INC.

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER
SACV08-0087 AG (RNBX)

1    Dated:  *4-15-09*                     BUCKHALTER KESSLER GOODMAN &
                                           GEORGE LLP
2

3
                                           By: _____
4                                             ERIC GOODMAN
                                              NICHOLAS DUANE MYERS
5                                             DAVID A. BERSTEIN
                                              Attorneys for Defendants, MICHAEL
6                                             LEE VEST DBA FIRE ON GLASS;
                                              ROBERT COCHRAN DBA
7                                             NORTHLINE EXPRESS

8
     Dated:                                PROCTER, SLAUGHTER & REAGAN,
9                                          LLP

10

11
                                           By: _____
12                                            CHANDRA A. BEATON
                                              Attorneys for Defendants, STEVEN
13                                            STEGALL DBA FIRE ON ICE
                                              CENTRAL COAST DBA FIRE
14                                            CRYSTALS, A.M. SOKOLOWSKI-
                                              STEGALL DBA FIRE CRYSTALS DBA
15                                            FIRE ON ICE CENTRAL COAST

16   Dated:                                THOMPSON HINE LLP

17

18
                                           By: _____
19                                            JEFFREY C. METZCAR
                                              CHAD D. COOPER
20                                            Attorneys for Defendant, HEARTH
                                              PRODUCTS CONTROL CO. and
21                                            HEARTH & HOME, INC. DBA
                                              COLORADO HEARTH & HOME

22
     Dated:                                KEVIN AND MACHELLE GRIMES, IN
23                                         PRO SE

24

25
                                           By: _____
26                                            KEVIN GRIMES
                                              MACHELLE GRIMES
27                                            Defendants in Pro Se

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

RCI/5284249.1/ESS                   - 15 -          [PROPOSED] STIPULATED PROTECTIVE
                                                                        ORDER
                                                            SACV08-0087 AG (RNBX)

1   Dated:                              BUCKHALTER KESSLER GOODMAN &
2                                       GEORGE LLP

3

4   By: _____
        ERIC GOODMAN
5       NICHOLAS DUANE MYERS
        DAVID A. BERSTEIN
6       Attorneys for Defendants, MICHAEL
        LEE VEST DBA FIRE ON GLASS;
7       ROBERT COCHRAN DBA
        NORTHLINE EXPRESS

8
    Dated: April 16, 2009             PROCTER, SLAUGHTER & REAGAN,
9                                      LLP

10

11  By: _____
        CHANDRA A. BEATON
12      Attorneys for Defendants, STEVEN
        STEGALL DBA FIRE ON ICE
13      CENTRAL COAST DBA FIRE
        CRYSTALS, A.M. SOKOLOWSKI-
14      STEGALL DBA FIRE CRYSTALS DBA
        FIRE ON ICE CENTRAL COAST
15

16  Dated:                              THOMPSON HINE LLP

17

18  By: _____
        JEFFREY C. METZCAR
19      CHAD D. COOPER
        Attorneys for Defendant, HEARTH
20      PRODUCTS CONTROL CO. and
        HEARTH & HOME, INC. DBA
21      COLORADO HEARTH & HOME

22
    Dated:                              KEVIN AND MACHELLE GRIMES, IN
23                                       PRO SE

24

25  By: _____
        KEVIN GRIMES
26      MACHELLE GRIMES
        Defendants in Pro Se
27

28

RCI/5284249.1/ESS                      - 15 -        [PROPOSED] STIPULATED PROTECTIVE
                                                                    ORDER
                                                             SACV08-0087 AG (RNBX)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   Dated:                                    BUCKHALTER KESSLER GOODMAN &
2                                             GEORGE LLP

3
                                              By:_____
4                                                  ERIC GOODMAN
5                                                  NICHOLAS DUANE MYERS
                                                   DAVID A. BERSTEIN
6                                                  Attorneys for Defendants, MICHAEL
                                                   LEE VEST DBA FIRE ON GLASS;
7                                                  ROBERT COCHRAN DBA
                                                   NORTHLINE EXPRESS
8
9   Dated:                                    PROCTER, SLAUGHTER & REAGAN,
                                              LLP
10

11
                                              By:_____
12                                                 CHANDRA A. BEATON
                                                   Attorneys for Defendants, STEVEN
13                                                 STEGALL DBA FIRE ON ICE
                                                   CENTRAL COAST DBA FIRE
14                                                 CRYSTALS, A.M. SOKOLOWSKI-
                                                   STEGALL DBA FIRE CRYSTALS DBA
15                                                 FIRE ON ICE CENTRAL COAST

16  Dated: 4/21/2009                          THOMPSON HINE LLP
17

18                                            By:_____
19                                                 JEFFREY C. METZCAR
                                                   CHAD D. COOPER
20                                                 Attorneys for Defendant, HEARTH
                                                   PRODUCTS CONTROL CO. and
21                                                 HEARTH & HOME, INC. DBA
                                                   COLORADO HEARTH & HOME
22
23  Dated:                                    KEVIN AND MACHELLE GRIMES, IN
                                              PRO SE
24

25
                                              By:_____
26                                                 KEVIN GRIMES
                                                   MACHELLE GRIMES
27                                                 Defendants in Pro Se

28