O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PYTHAGORAS INTELLECTUAL HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STEVEN STEGALL, et al., <br><br> Defendants. | CASE NO. SACV 08-0087 AG (RNBx) <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

This case involves claims for patent, copyright, and trademark infringement. Defendants American Fireglass, Inc., Chuck Lodoza, Matt Doll, Justin Zev, and Brett Maister have filed a motion for summary judgment ("Motion"). Defendants Brian Langohr, Diamond Fire Glass, Inc., Anaheim Patio & Fireside, Inc., Michael Lee Vest, and Robert Cochran have joined in the Motion. Because the Court finds that Plaintiffs have submitted insufficient evidence to create a genuine issue of material fact as to any of their claims, Defendants' Motion is GRANTED.

**BACKGROUND**

Plaintiffs Pythagoras Intellectual Holdings, LLC ("Pythagoras") and Corporate Recovery Services, Inc. ("CRS") (collectively "Plaintiffs") claim to be "pioneers" in the business of "manufacturing, selling and distributing fireplaces, fire pits that incorporate tempered glass pieces over gas or propane pipe burners." (FAC ¶ 68.) One of Plaintiffs' proprietary products is their line of Fire on Ice products, which involve the use of tempered glass pieces in association with pipe burners. (FAC ¶ 69.) According to Plaintiffs, the Fire on Ice brand is "highly distinctive" and has become a popular alternative to fireplaces and fire pits that use real or artificial logs. (FAC ¶ 69.) Since 1998, Plaintiffs claim they have heavily marketed the Fire on Ice brand in stores, direct mail advertising, promotional materials, and on the Internet at www.fireonice.com. (FAC ¶ 69.) Pythagoras owns the Fire on Ice trademark, U.S. Registration No. 2,565,202, registered for "Specially Formulated Glass in Various Colors for Use with Gas Burners in Fireplaces." (FAC ¶ 70.) Plaintiffs assert that that mark has been in use as early as September 1998. (FAC ¶ 70.) Pythagoras also owns three U.S. Registered Copyrights, Nos. VA 1-427-329, VA 1-427-330, and VA 1-427-331, of various photographs and images of the Fire on Ice products, marketing and promotional materials, and "before and after" images. (FAC ¶ 74.) Plaintiffs assert that Pythagoras has published and used the copyrighted images and materials since as early as 2000. (FAC ¶ 74.) CRS owns U.S. Patent No. 6,409,500 (the "'500 Patent"), entitled "Glass Fire and Method of Making." (FAC ¶ 72.) That patent was issued on June 25, 2002. (FAC ¶ 72.)

Plaintiffs and the numerous defendants in this case are competitors in the "highly competitive and specialized" tempered glass fire place and fire pit industry. (FAC ¶ 75.) In and around 2004, Plaintiffs claim they learned that Defendants were manufacturing, advertising, distributing, and selling infringing products using CRS' patented product and process without permission. (FAC ¶ 77.) In and around 2005, Plaintiffs claim they learned that Defendants were manufacturing, advertising, distributing, and selling infringing products using Pythagoras' trademarks. (FAC ¶ 76.) Plaintiffs assert that Defendants used names virtually identical to

Pythagoras' registered mark, likely causing confusion among consumers as to the source of the infringing products. (FAC ¶ 76.) Also in and around 2005, Plaintiffs claim they learned that Defendants were using, publishing, and distributing unauthorized materials online and in print that included Pythagoras' copyrighted images. (FAC ¶ 78.)

Based on these facts and others, Plaintiffs bring eight claims against Defendants, numbered as follows: (1) trademark infringement, in violation of 15 U.S.C. § 1114; (2) false designation of origin, in violation of 15 U.S.C. § 1125(a); (3) patent infringement; (4) copyright infringement; (5) trademark dilution, in violation of 15 U.S.C. § 1125(c); (6) unfair competition, in violation of federal law; (7) common law unfair competition; and (8) unfair competition, in violation of California law. Defendants now move for summary judgment of all eight claims.

**LEGAL STANDARD**

Summary judgment is appropriate only where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the non-moving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *See id.* at 322-23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

## DISCUSSION

### 1. PATENT CLAIMS

Plaintiffs' third claim alleges that the defendants in this case have infringed on the '500 Patent. Infringement analysis is a "two step process": (1) claim construction and (2) application of the properly construed claims to the accused invention. *K-2 Corp. v. Salomon S.A.,* 191 F.3d 1356, 1362 (Fed. Cir. 1999). "To establish infringement, every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent." *Laitram Corp. v. Rexnord, Inc.,* 939 F.2d 1533, 1535 (Fed. Cir. 1991) (internal citations omitted). Infringement of the claim cannot be found if the accused product fails to meet even a single limitation. *Id.*

The specification of the '500 Patent teaches the use of tempered glass that is "baked at least three times at temperatures of about 1200 [degrees Fahrenheit] for 30 minutes or more," and glass that is "baked three times" is an essential element of every claim of the '500 Patent. Claim 1 of the patent recites a bed of broken glass pieces formed from "broken, tempered glass that is baked three times." Claim 2 recites a bed of broken glass pieces formed from "broken, tempered glass that is baked three times in a controlled temperature oven." Claim 9 recites a method of forming tempered glass "by baking the tempered glass three times in an oven." Claim 13 recites a bed of broken glass pieces formed from "tempered glass that has been baked three times and subject to sudden surface cooling." Claim 17 recites a gas fireplace "wherein the tempered glass is baked three times."

On June 30, 2009, following a claim construction hearing, the Court issued an order defining glass that is "baked three times" as "glass that is heated in an oven and then cooled at least three times in three distinct and separate cycles of heating and cooling." The Court based its ruling, in part, on evidence that the Patent and Trademark Office conditioned its approval of the '500 Patent on the limitation of the patent to "specially formulated" tempered glass rather

than ordinary tempered glass.  (*See* June 30, 2009 Order at 4-6.)  Here, declarations from the moving defendants and their suppliers confirm that the defendants in this case use ordinary tempered glass that has been heated and cooled only once.  (*See* Declarations of Matt Doll, Edwin Rosengrant, Rafael Perez, Brian Langohr, Michael Vest, Robert Cochran.)  Plaintiffs, for their part, have not submitted any evidence that the defendants in this case use glass that has been heated and cooled three times.

No genuine issue of material fact exists as to whether Defendants have literally infringed the '500 Patent.  Plaintiffs have produced no evidence showing that any of the defendants use glass that is "baked three times" as required by the '500 Patent.  Further, because ordinary tempered glass was specifically excluded from the scope of the '500 Patent, no genuine issue of material fact exists as to whether Defendants have infringed the '500 Patent under the doctrine of equivalents.  *See Wang Labs., Inc. v. Mitsubishi Elec. Am. Inc.*, 103 F.3d 1571, 1577-78 (Fed. Cir. 1997) (defense of prosecution history estoppel "precludes a patentee from regaining through litigation, coverage of subject matter relinquished during prosecution of the application for patent"); *see also Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 739-41 (2002) (for prosecution history estoppel to arise, the amendment must have been "a condition for obtaining a patent").

The Motion for Summary Judgment is GRANTED as to Plaintiffs' third claim for patent infringement.

**2.     TRADEMARK CLAIMS**

Plaintiffs' first, second, and fifth claims allege that the defendants in this case have infringed on Plaintiffs' "Fire on Ice" trademark.  Plaintiffs' evidence of trademark infringement is limited to a few printouts of Google searches for "fire on ice."  None of the evidence supports Plaintiffs' claims that Defendants have misappropriated the "Fire on Ice" mark or a confusingly similar mark and caused confusion among consumers.  While Plaintiffs suggest that Defendants have infringed on their mark by using the mark as a "metatag" and through the purchase of

Google "AdWords," Plaintiffs provide no evidence that Defendants have engaged in this behavior and caused confusion. Further, Plaintiffs do not contest the fact that "metatags" appear to be outdated technology. *See* 4 J. Thomas McCarthy on Trademarks § 25:69, 25-198 ("Modern search engines make little if any use of metatags."). No genuine issue of material fact exists as to whether Defendants have infringed on Plaintiffs' trademark.

The Motion for Summary Judgment is GRANTED as to Plaintiffs' first, second, and fifth claims for trademark infringement, false designation of origin, and trademark dilution.

### 3. COPYRIGHT CLAIMS

Plaintiffs' fourth claim alleges that Defendants have infringed Plaintiffs' copyrighted works. At oral argument on this Motion, Plaintiffs acknowledged that they had not submitted sufficient evidence of copyright infringement by Defendants. No genuine issue of material fact exists, then, as to whether Defendants infringed on Plaintiffs' copyrighted works.

The Motion for Summary Judgment is GRANTED as to Plaintiffs' fourth claim for copyright infringement.

### 4. UNFAIR COMPETITION CLAIMS

Plaintiffs' sixth, seventh, and eighth claims for unfair competition are based on allegations of trademark infringement. In Section 2 of this Order, the Court found that Plaintiffs have submitted insufficient evidence of trademark infringement to create a genuine issue of material fact as to those claims. Accordingly, Plaintiffs' unfair competition claims must fail, too.

The Motion for Summary Judgment is GRANTED as to Plaintiffs' sixth, seventh, and eighth claims for unfair competition.

**DISPOSITION**

Defendants' Motion is GRANTED. Defendants may submit a proposed judgment to the Court within 14 days of this Order. If the proposed judgment states that it has been approved by Plaintiffs, it will be entered immediately, and if not, the Court will wait a suitable time before entering the judgment.

All parties are urged to consider whether this Order necessarily requires a final judgment against Plaintiffs as to all defendants in this case.

IT IS SO ORDERED.

DATED: July 23, 2009

_____
Andrew J. Guilford
United States District Judge