JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| PYTHAGORAS INTELLECTUAL HOLDINGS, LLC., et al., | CASE NO. SACV08-0087 AG (RNBx) |
|---|---|
| Plaintiffs, | **ORDER DISMISSING CASE WITH PREJUDICE** |
| v. | Date: **August 24, 2009**<br>Time: **9:00 a.m.**<br>Ctrm: **10D** |
| STEVEN STEGALL, et al., | |
| Defendants. | **Judge: Hon. Andrew J. Guilford** |

The Court conducted a hearing regarding its Order to Show Cause re: Status of Case on August 24, 2009. After full and complete consideration, the Court orders that this case be dismissed with prejudice. The Court's reasons are as follows:

1. Plaintiffs filed their Complaint in this matter on January 25, 2008. The First Amended Complaint was filed on April 9, 2008.

2. On September 15, 2008, at the Scheduling Conference, Plaintiffs' counsel at the time, William Buus of Buus, Kim, Kuo & Tran, informed the Court that it would be withdrawing as counsel for Plaintiffs. The Court expressed concern due to the number of Defendants, the amount of attorneys' fees and costs being incurred by the Defendants, possible prejudice to Defendants as a result of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1  the withdrawal, and the amount of time elapsed since the Complaint had been filed.
2  The Court warned Plaintiffs at that time of its concerns.

3      3.    The Court granted the Motion to Withdraw as Counsel for Plaintiffs by
4  Buus, Kim, Kuo & Tran on October 20, 2008.

5      4.    Plaintiffs' second counsel, Shimokaji & Associates, made its first
6  appearance in this case on November 5, 2008.

7      5.    Shimokaji & Associates filed its own Motion to Withdraw as Counsel
8  for Plaintiffs on December 17, 2008.  On January 12, 2009, the Court granted
9  Shimokaji & Associates' Motion to Withdraw.  For a second time, the Court
10  expressed concern due to the number of Defendants, the amount of attorneys' fees
11  and costs being incurred by the Defendants, possible prejudice to Defendants as a
12  result of the withdrawal, and the amount of time elapsed since the Complaint had
13  been filed.  The Court warned Plaintiffs at that time of its concerns.

14      6.    On January 12, 2009, Plaintiffs' third counsel, Plager Schack, made its
15  first appearance in this case for Plaintiffs.

16      7.    On June 29, 2009, Plager Schack filed its own Motion to Withdraw as
17  Counsel for Plaintiffs.

18      8.    On June 30, 2009, the Court entered its Opinion and Order after the
19  *Markman* Hearing, which was favorable to the Defendants.

20      9.    On July 23, 2009, the Court entered its Opinion and Order granting
21  Summary Judgment, granting judgment to the moving Defendants.

22      10.    On July 27, 2009, the Court granted Plager Schack's Motion to
23  Withdraw.  At the hearing on the Motion to Withdraw, Plaintiffs were actually
24  present through their corporate representatives, Rita Estell and Terence Osman.  For
25  a third time, the Court expressed concern due to the number of Defendants, the
26  amount of attorneys' fees and costs being incurred by the Defendants, possible
27  prejudice to Defendants as a result of the withdrawal, and the amount of time
28  elapsed since the Complaint had been filed.  The Court was also concerned about

the criminal allegations pertaining to Mark Georgantas. The Court again warned Plaintiffs at that time of its concerns.

11. The Court scheduled a status conference regarding its Order to Show Cause re: Status of Case for August 24, 2009. The Court ordered Plaintiffs, through Ms. Estell and Mr. Osman, to appear at the status conference.

12. The Court is aware of the prior and pending discovery issues, including multiple monetary sanctions that have been imposed upon Plaintiffs.

13. On August 24, 2009, Plaintiffs failed to appear at the status conference as ordered. Ms. Estell appeared after the status conference had already concluded. There is no evidence before the Court that Plaintiffs have retained their fourth counsel in this case.

14. Plaintiffs are legal entities (a corporation and a limited liability company) that may not represent themselves and may not appear in Court without a lawyer. See Court's Order, January 12, 2009 (Docket No. 248).

15. Discovery Cutoff in this case is January 27, 2010. Trial is scheduled to begin on April 27, 2010.

16. Federal Rule of Civil Procedure ("FRCP") 16(f) provides: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

    (A) fails to appear at a scheduling or other pretrial conference;

    (B) is substantially unprepared to participate — or does not participate in good faith — in the conference; or

    (C) fails to obey a scheduling or other pretrial order."

17. FRCP 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this

1  subdivision (b) and any dismissal not under this rule — except one for lack of
2  jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as
3  an adjudication on the merits."

4      18.    Local Rule 41-1 provides: "Civil suits which have been pending for an
5  unreasonable period of time without any action having been taken therein may,
6  after notice, be dismissed for want of prosecution."

7      19.    Local Rule 41-2 provides: "Unless the Court provides otherwise, any
8  dismissal pursuant to L.R. 41-1 shall be without prejudice."

9      20.    Local Rule 41-5 provides: "If a party, without notice to the Court, fails
10 to appear at the noticed call of any action or proceeding, the matter is subject to
11 dismissal for want of prosecution."

12     21.    The purpose of FRCP 41(b) is to prevent undue delay and avoid
13 congestion of the Court's calendar.  See Link v. Wabash R.R. Co., 370 U.S. 626,
14 629-630 (1962).

15     22.    The Court may order dismissal *sua sponte* by virtue of its inherent
16 authority to manage its affairs.  See McKeever v. Block, 932 F.2d 795, 797 (9th Cir.
17 1991); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986).

18     23.    The Ninth Circuit has established the following factors to be
19 considered regarding involuntary dismissal for lack of prosecution: "(1) the public's
20 interest in expeditious resolution of litigation; (2) the court's need to manage its
21 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the
22 disposition of cases on their merits; and (5) the availability of less drastic
23 sanctions."  See Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1447 (9th Cir.
24 1994); Morris v. Morgan Stanley & Co., 942 F. 2d 648, 651 (9th Cir. 1991).
25 "Although it is preferred, it is not required that the district court make explicit
26 findings in order to show that it has considered these factors and [the Appellate
27 Court] may review the record independently to determine if the district court has
28 abused its discretion."  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

24. Failure to comply with the Court's Order is also ground to dismiss pursuant to FRCP 41(b). See Malone v. United States Postal Service, 833 F.2d 128, 130. The five factors enumerated in Moneymaker (supra) regarding failure to prosecute are the same five factors in determining whether to dismiss a case for failure to comply with a court order. See Malone (supra), 833 F.2d at 130. Even a failure to comply with an oral order can serve as the basis for dismissal pursuant to FRCP 41(b). See Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999).

Based on the foregoing, **IT IS HEREBY ORDERED** the case is dismissed with prejudice as of August 24, 2009. Defendants are awarded their costs of suit, the amount of which shall be determined at a later time.

DATE: August 27, 2009

HONORABLE ANDREW J. GUILFORD
U.S. DISTRICT COURT JUDGE

Submitted by:

Dated: August 25, 2009       ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Michael S. Kim
    JAMES C. POTEPAN
    THOMAS M. O'LEARY
    MICHAEL S. KIM
    Attorneys for Defendants,
    MODERUSTIC INC., EDGAR
    JAUNZEMIS, CLAUDIA JAUNZEMIS,
    CARL HERKES AND TODD JANSSEN