# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PYTHAGORAS INTELLECTUAL HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN STEGALL, et al.,<br><br>    Defendants. | CASE NO. SACV 08-0087 AG (RNBx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES** |

This case involved claims for patent, copyright, and trademark infringement. Defendants Steven Stegall and A.M. Sokoloski-Stegall, both individually and doing individually and doing business as Fire on Ice Central Coast and doing business as Fire Crystals, also known as Firecrystals ("Defendants") filed a Motion to Recover Fees and Costs. After considering all arguments submitted, the Motion for attorney fees is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiffs filed their Complaint on January 25, 2008 and the First Amended Complaint ("FAC") on April 9, 2008. The FAC alleged, among other things, patent, copyright, and trademark infringement.

1    Between September 15, 2008 and July 27, 2009, the Court granted three Motions to
2 Withdraw as Counsel for Plaintiffs.  Each time, the Court expressed concern due to the number
3 of Defendants, the amount of attorney fees and costs being incurred by the Defendants, possible
4 prejudice to Defendants due to the withdrawal, and the amount of time elapsed since the
5 Complaint had been filed. (Order Dismissing Case, August 24, 2009 ("Dismissal Order") Docket
6 No. 364, ¶¶ 2, 5, 10.)
7    On July 23, 2009, the Court granted a Motion for Summary Judgment in favor of several
8 defendants.  (Order Granting Motion for Summary Judgment ("Summary Judgment Order"),
9 Docket No. 352).  The Court found that Plaintiffs did not produce sufficient evidence to go
10 forward with any of its claims.  The Defendants moving in this Motion did not join in the
11 Motion for Summary Judgment.  After the Court granted the Motion for Summary Judgment, the
12 Court dismissed the remainder of the case with prejudice.  (Dismissal Order, Docket No. 364.)
13 All of Plaintiffs' claims against Defendants were dismissed.  Defendants now move to recover
14 costs and attorney fees incurred defending against Plaintiffs' copyright, trademark, and patent
15 infringement claims under the attorney fee provisions of the Copyright Act, 17 U.S.C. § 505, the
16 Lanham Act, 15 U.S.C. § 1117, and the Patent Act, 35 U.S.C. § 285.  (Motion 4:9-12, 18-19, 25-
17 27.)

**ANALYSIS**

Defendants ask the Court to award attorney fees incurred in the defense of Plaintiffs' copyright, trademark, and patent infringement claims.  (Motion 4:9-12, 18-19, 25-27.)

**1.    ATTORNEY FEES UNDER THE COPYRIGHT ACT**

Under the Copyright Act, courts may award reasonable attorney fees to the prevailing party in a copyright claim as a part of the costs.  17 U.S.C. § 505.  In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court held that the prevailing party language in 17 U.S.C. §

505 included prevailing defendants.  In determining whether to award attorney fees to a prevailing party under the Copyright Act, a district court may consider:  (1) the degree of success obtained by the prevailing party; (2) frivolousness of the losing party's claim; (3) the motivation of the losing party; (4) the reasonableness of the losing party's legal and factual arguments; and (5) the need to advance considerations of compensation and deterrence.  *See Wall Data Inc. v. L.A. County Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006); *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003).  The Court finds that, on balance, the factors weigh in favor of awarding attorney fees.

First, the degree of success obtained by Defendants was high because the Court dismissed all of Plaintiffs' claims against Defendants.

Second, the Court finds that the need for compensation here is strong.  Plaintiffs failed to provide evidentiary support for their copyright infringement claim.  After defense counsel submitted appropriate discovery requests to Plaintiffs, Plaintiffs failed to timely respond and subsequently served insufficient responses.  (Reagan Decl. ¶ 11.)  Plaintiffs had numerous chances to withdraw their claims before those claims were dismissed.  Because Plaintiffs did not do so, Defendants' attorneys were obligated, as zealous advocates for their clients, to take the complaint seriously and vigorously defend their clients.

Third, the Court finds that Plaintiffs' claims were frivolous.  Plaintiffs failed to allege how Defendants infringed upon the Plaintiffs' copyright.  Further, Plaintiffs failed to produce information in discovery regarding Defendants' conduct.  The Court finds that Plaintiffs knew that the copyright claims were unfounded, yet continued to argue those claims.

Finally, the Court finds that the need for deterrence here is strong.  An award of fees in this case will deter Plaintiffs from filing and arguing frivolous and baseless claims in the future.  An award of fees will also encourage Plaintiffs to withdraw future claims when Plaintiffs discover that the claims are no longer viable.  Further, an award of fees will encourage Plaintiffs to choose defendants carefully in future suits and ensure that Plaintiffs have a reasonable basis for each claim against each defendant.

After balancing all of the factors, the Court finds that Attorney Fees for the copyright claims are warranted under 17 U.S.C. § 505.

**2.    ATTORNEY FEES UNDER THE LANHAM ACT**

Under the Lanham Act, courts may, "in exceptional cases," award reasonable attorney fees to the prevailing party. 15 U.S.C. § 1117(a). Fees for a prevailing defendant are appropriate under the Lanham Act "when a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) (citing *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir.1997)). Cases are "groundless" or "unreasonable" when they raise no colorable issue of law or fact. *Boney*, 127 F.3d at 826-27. The analysis of "groundlessness" and "unreasonableness" focuses on the objective merits of the case. *Id.*

In this case, Plaintiffs failed to allege how Defendants infringed on the trademark and pursued their trademark infringement claim against Defendants without evidentiary support. The Court finds that Plaintiffs' trademark claims were objectively groundless and unreasonable. *See Vital Pharms., Inc. v. American Body Bldg. Prods.*, 510 F. Supp. 2d 1043, 1048-49 (S.D. Fla. 2007) (finding bad faith when plaintiff failed to produce sufficient evidence on any element required to prove trademark infringement). Thus, the Court finds that this case is an "exceptional case" that merits the award of reasonable attorneys fees under 15 U.S.C. § 1117(a).

**3.    ATTORNEY FEES UNDER THE PATENT ACT**

Section 285 of the Patent Act authorizes the court to award "reasonable attorney fees to the prevailing party" in "exceptional cases." 35 U.S.C. § 285. "Such fees are awarded when: 1) a court finds that there is clear and convincing evidence that the case is exceptional; and 2) the court then exercises its discretion to award fees to the prevailing party." *ICU Medical, Inc. v. Alaris Medical Sys., Inc.,* No. SACV 04-0689 MRP (VBKx), 2007 WL 6137003, at *1 (C.D.

Cal. 2007) (citing *Superior Fireplace Co. V. Majectic Prods. Co.,* 270 F.3d 1358, 1376 (Fed. Cir. 2001)).

Here, the Court finds that Defendants have not met their burden of showing by "clear and convincing evidence" that the case is exceptional. Although the litigation eventually ended in Defendants' favor, the Court cannot find that Plaintiffs knew that their patent claims against Defendant would fail or that the Plaintiffs acted in bad faith in bringing the patent claims. The Court will not exercise its discretion to awards fees for the defense of the patent claim.

4.     **REASONABLENESS OF FEES REQUESTED**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In the Ninth Circuit, district courts must analyze the reasonableness of attorney fees requests under the twelve factors in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

The hourly fees incurred range from $95 for a paralegal to $400 for a partner. (Declaration of Barry J. Reagan ¶ 7; Declaration of David A. Juhnke ¶ 3.) The Court finds that the hourly rates were reasonable given the complexities of the issues and the experience of the attorneys.

Defendants seek to recover a total of $68,192 in attorney fees for approximately 400 hours of legal work defending the claims for trademark, copyright, and patent infringement.

(Motion 7:21-22.) Specifically, Defendants seek $21,639 in fees for legal services provided by Sinsheimer Juhnke Lebens & McIvor, LLP, and $46,553 in fees for legal services provided by Procter, Slaughter & Reagan, LLP. (Motion 7:17-21.) The fees for legal services provided by Procter, Slaughter & Reagan, LLP include an anticipated 3 hours at an hourly rate of $195 preparing the "reply to plaintiff's anticipated Opposition." Because this Motion is unopposed, Defendants cannot recover those fees.

Further, the Court is not awarding fees for the defense of the patent claims. Defendants have not provided the Court with a breakdown of fees in relation to claims, so the Court cannot determine the total fee award.

**DISPOSITION**

Defendants' Motion for Attorney Fees is GRANTED as to the defense of the trademark and copyright claims and DENIED as to the patent claims. Defendants are ORDERED to submit supplemental briefing specifying fee breakdowns for defense of the copyright and trademark claims by November 5, 2009.

IT IS SO ORDERED.

DATED: October 5, 2009

_____
Andrew J. Guilford
United States District Judge

6